UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TIMOTHY C. GIVENS,

                              Petitioner,

-vs-                                                     DECISION AND ORDER

UNITED STATES OF AMERICA,                       00-CR-6139 CJS
                                                                 14-CV-6572 CJS

                              Respondent.

_____

INTRODUCTION

Now before the Court is Timothy Givens' ("Givens" or "Petitioner") motion for reconsideration (Docket No. [#804]) of the Court's Decision and Order [#803] denying his application to amend his § 2255 application. Givens' motion for reconsideration is denied.

DISCUSSION

On September 29, 2014, Givens filed a motion pursuant to 28 U.S.C. § 2255. Respondent thereafter filed a motion to dismiss the application without prejudice, on the grounds that it was excessively lengthy. The Court granted Respondent's application and directed Givens to re-file his § 2255 application with a memorandum of law not exceeding forty pages. However, Givens failed multiple times to comply with the Court's directions. Eventually, the Court gave Givens "one last opportunity" to set forth his claims in a § 2255 motion that would not exceed forty pages in length, by February 27, 2015. Givens subsequently filed a forty-one page memorandum, setting forth his arguments. Several months later, and prior to Respondent filing a response, Givens filed a motion to amend, which the Court denied, by Decision and Order (Docket No. [#803]) filed on September 2, 2015.

On September 14, 2015, Givens filed the subject motion [#804] for reconsideration. Givens maintains that the Court should reconsider its decision denying his motion to amend, because he has the right to amend his motion prior to Respondent submitting a response, pursuant to Fed.R.Civ.P. 15(a)(1). Givens further maintains that he has shown "good cause" for amending his § 2255 application.

However, Rule 15(a)(1) is trumped by this Court's Decision and Order [#792], which directed Givens that he had to file his claims by February 27, 2015. *See, Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) ("Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend "shall be freely given," must be balanced against the requirement under Rule 16(b) that the Court's scheduling order "shall not be modified except upon a showing of good cause.") (citations omitted). Givens already had multiple opportunities to set forth his claims, and this matter cannot proceed if he keeps adding additional claims. Further, the Court finds that Givens has not shown good cause for why he failed to include the proposed additional legal arguments, that he now seeks to assert, in his submission filed on February 26, 2015, after the Court expressly warned him that it was giving him "one last opportunity" to set forth his arguments by that date.

CONCLUSION

Accordingly, it is hereby

ORDERED, that Givens' motion for reconsideration [#804] is denied; and it is further

ORDERED, that pursuant to the Court's Letter Order [#805] entered on October 13, 2015, Respondent shall file and serve a response to the § 2255

application on or before **February 8, 2016**, after which Petitioner may file and serve any reply/traverse on or before **April 8, 2016**.

    SO ORDERED.

Dated:    Rochester, New York
          October 15, 2015

                              ENTER:

                              <u>/s/ Charles J. Siragusa</u>
                              CHARLES J. SIRAGUSA
                              United States District Judge