UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TIMOTHY GIVENS,

                                        Petitioner,

                                                                                           DECISION AND ORDER

-vs-

                                                                                           00-CR-6139 (CJS)

UNITED STATES OF AMERICA,          14-CV-6572 (CJS)

                                      Respondent.

INTRODUCTION

     Now before the Court is Timothy Givens' ("Givens") *pro se* application pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on his conviction for conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, and possession of a firearm in furtherance of a drug trafficking crime. Pet., Feb. 26, 2015, ECF No. 798. In addition, Givens has moved the Court to take judicial notice of several public laws, as well as particular elements of the trial court record. Mot. for Misc. Relief, June 2, 2020, ECF No. 858.

     For the reasons set forth below, Givens' application [ECF No. 798] must be denied, and his motion to take judicial notice [ECF No. 858] is denied as moot. The Clerk of Court is respectfully directed to close this case.

1

BACKGROUND

The reader is presumed to be familiar with the factual and procedural background of this case. In its most recent decision affirming Givens' amended sentence, the Second Circuit provided a concise summary of the relevant detail:

> On November 12, 2002, Timothy Givens was convicted [after a trial by jury] of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. § 846 and possession of a firearm in furtherance of the conspiracy in violation of 18 U.S.C. § 924(c)(1). After several appeals and remands for re-sentencing . . . Givens was re-sentenced principally to 348 months imprisonment on August 8, 2011. Givens now appeals from his August 11, 2011 amended judgment of conviction.

*United States v. Givens*, 514 F. App'x 46, 47 (2d Cir. 2013).

Givens now moves the Court under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He maintains that he received the ineffective assistance of counsel in pretrial proceedings, during the course of his trial, during sentencing, and on appeal. Mot. at 5–6, ECF No. 858.

LEGAL STANDARDS

As indicated above, the primary matter before this Court is a petition for habeas relief pursuant to 28 U.S.C. § 2255, on the grounds that the petitioner received the ineffective assistance of counsel. § 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Most claims under § 2255 are procedurally barred if they are not pursued on direct appeal. *See Mui v. United States*, 614 F.3d 50, 55 (2d Cir. 2010). However, ineffective assistance of counsel claims may be raised in a § 2255 petition even though they were not raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003)). Indeed, as the Supreme Court has stated, "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance" because collateral attack allows the claim to be "litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial." *Id.* at 505–06.

The Sixth Amendment guarantees a criminal defendant the right to "reasonably effective assistance" of counsel. To establish ineffective assistance of counsel, a defendant must satisfy the two-prong test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). A defendant's failure to satisfy one prong of this two-pronged test relieves the court of any requirement to consider the other prong. *Strouse v. Leonardo*, 928 F.2d 548, 556 (2d Cir. 1991).

First, the defendant must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" under the "prevailing professional norms." *Vadas v. U.S.*, 527 F.3d 16, 20 (2d Cir. 2007) (citing *Strickland*, 466 U.S. at 688). When applying this first *Strickland* prong, courts must be mindful of the variety of approaches effective attorneys might employ when dealing with a particular set of

3

facts, and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Parisi v. U.S.*, 529 F.3d 134, 141 (2d Cir. 2008) (quoting *Strickland*, 466 U.S. at 689). Hence, the Court must "consider the circumstances counsel faced at the time of the relevant conduct and . . . evaluate the conduct from counsel's point of view." *Davis v. Greiner*, 428 F.3d 81, 88 (2d Cir. 2005) (quoting *Strickland*, 466 U.S. at 689). In this context, "'[s]trategic choices made by counsel after thorough investigation . . . are virtually unchallengeable." *Gersten v. Senkowski*, 426 F.3d 588, 607 (2d Cir. 2005) (internal quotation marks and citation omitted).

Second, the defendant must demonstrate he was prejudiced by the ineffective conduct. *Strickland* at 687-88. That is, he must show there is a "reasonable probability" that *but for* counsel's error, the outcome of the proceeding would have been different. *Strickland* at 694. In evaluating prejudice, we look to the cumulative effect of all of counsel's unprofessional errors. *Gersten*, 426 F.3d at 611. The strength of the government's case is relevant to this analysis. *See United States v. Wilke*, No. 09-CR-6099 CJS, 2017 WL 3167657, at *2 (W.D.N.Y. July 25, 2017) (citing *Rosario v. Ercole*, 601 F.3d 118, 136 (2d Cir. 2010)).

## DISCUSSION

In his papers, Givens identifies over eighty instances of conduct which he maintains constitutes the ineffective assistance of counsel in pretrial proceedings, during the course of his trial, during sentencing, and on appeal. Because Givens is

4

proceeding *pro se*, the Court has construed his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

In addition to his petition, supporting memorandum of law, and reply brief, Givens has also submitted a document he has styled as a "Motion to Take Judicial Notice." In this motion, Givens asks the Court to take notice of several public laws, as well as particular elements of the trial court record. Mot. for Misc. Relief, June 2, 2020, ECF No. 858. Because the Court may already consider the items that Givens has set forward, his "Motion to Take Judicial Notice" [ECF No. 858] is denied as moot. *See, e.g., Pham v. United States*, 317 F.3d 178, 180 and 184 (2d Cir. 2003) (stating "[a] district court has a wide variety of tools available to it in developing the record during habeas proceedings . . . . [including the] trial record, letters, documents, exhibits, affidavits and written interrogatories.").

Moreover, the Court finds that 28 U.S.C. § 2255 does not require a hearing in this case because the facts in the record are not in dispute, and the record conclusively shows that Givens is not entitled to relief. 28 U.S.C. § 2255(b). In fact, a great many of Givens' claims appear to be improper attempts, under the guise of the ineffective assistance of counsel, to relitigate claims he pursued on appeal. *See, e.g., Azzara v. United States*, No. 02 CR 1446, 2011 WL 5025010, at \*6 (S.D.N.Y. Oct. 20, 2011).

Givens' Ineffective Assistance Claims for Counsel's Pretrial Conduct

Givens presents ten specific examples of what he believes to be the ineffective assistance of his counsel during pretrial proceedings:

Ground 1(A): Count 2 of movant's original 21 count and 17 count superceding [sic] indictments both failed to allege the essential Federal Jurisdiction Element of "EFFECT ON INTERSTATE COMMERCE".

Ground 1(A)(1): Count 2 of movant's original 21 count and 17 count superceding [sic] indictments both failed to allege the essential "STATE OF MIND REQUIREMENT ELEMENT" namely "MENS REA" regarding the substantive count.

Ground 1(A)(2): Count 3 of movant's original 21 count and 17 count superceding [sic] indictments both failed to allege any essential "DRUG TRAFFICKING FELONY ELEMENTS".

Ground 1(A)(3): The government failed to disclose favorable BRADY MATERIAL regarding EAVESDROPPING WARRANTS that was critical to movant's defense.

Ground 1(B): Movant's Speedy Trial rights were violated by prejudicial delays regarding his pending motions (121-1 and 121-4), by the government's exceeding of the 30-day limitation allowed to address such motions.

Ground 1(C): Defense counsel failed to challenge the affidavits in support of the search warrants, as insufficient to establish probable cause.

Ground 1(D): Defense counsel failed to move to supress [sic] unconstitutionally seized evidence, that was in violation of movant's "Fourth Amendment Constitutional Rights".

Ground 1(E): Defense counsel failed to investigate alibi evidence disclosed to him, that was critical to movant's defense.

Ground 1(F): Defense counsel failed to communicate the government's plea offer to the movant.

6

>   Ground 1(G): Defense counsel failed to move to dismiss Count 2 of movant's 17 count superceding as being time-barred by the statute of limitations, when the evidence adduced at trial warranted such motion.

Pet., ECF No. 798 at 8.

To begin with, the Court finds that Givens' arguments with respect to his counsel's failure to object to alleged deficiencies in the superseding indictment (Grounds 1(A)–1(A)(3), and Grounds 1(G)) are without merit. Givens has failed to demonstrate that the attorney's conduct fell below an objective standard of reasonableness, because he has failed to show legal merit in any of the arguments he suggests counsel should have raised. For instance, with respect to Givens' argument about the jurisdictional element of "effect on interstate commerce" (Ground 1(A)), it is well-settled that "an effect on interstate commerce is not an element" of an offense under the Controlled Substances Act. *United States v. Parkes*, 497 F.3d 220, 229 (2d Cir. 2007). *See also Gonzales v. Raich*, 545 U.S. 1, 17–22 (2005). Moreover, as noted above, the Second Circuit has already rejected Givens' arguments based on several of the same alleged deficiencies[1] in the indictment that he raises in his present petition (Grounds 1(A)–1(A)(3)), and the Supreme Court has denied Givens a writ of certiorari on that appeal. Order, Docket No. 11-3391 (2d Cir.), May 6, 2013, ECF No. 104;

---

[1] Givens, after noting that he had raised the issue before the trial court, argued to the appeals court that the conspiracy count in the indictment was "hopelessly and fatally" deficient because the government failed to set forth the required *mens rea* elements, and failed to cite to the statute under which he was charged. Mot. to Dismiss, 7–13, Docket No. 11-3391 (2d Cir.), May 1, 2013, ECF No. 98. He also argued that the firearm count in the indictment was "fatally defective." *Id.* at 14–18.

7

Notice, Docket No. 11-3391 (2d Cir.), Oct. 8, 2013, ECF No. 108. Lastly, with respect to Ground 1(G), Givens' suggestion that the testimony of the government's key witness indicates their relationship ended in 1994, and is therefore inconsistent with the timeline indicated in the indictment, is simply inaccurate.[2] *See* Direct Testimony of Marino Guerrero, taken on February 18, 2003, *United States v. Givens et al*, 2003 WL 25687235 ("Q. Can you tell us how many times after July of 1995 you sold to [Timothy Givens] at this particular location? A. About one or two 62s daily.")

    Similarly, Givens has also failed to show that his arguments in Grounds 1(B) to 1(F) have any merit. Even assuming Givens' speedy trial calculations are correct, it was objectively reasonable for his counsel to believe an objection would have failed: during the time period that Givens cites, the Court actively engaged multiple motions to suppress by Givens and his co-defendants, as well as Givens' multiple attempts to secure his pre-trial release and to pursue employment pre-trial. *See Wells v. United States*, No. CIV. 3:07CV1740 JBA, 2010 WL 363339, at *6 (D. Conn. Jan. 25, 2010) (finding a delay of 15 months was not prejudicial, and therefore not a violation of the defendant's constitutional rights). Further, the remainder of Givens' arguments are rooted in speculation rather than fact: he fails to show that any Fourth Amendment grounds for challenging evidence[3] had merit (Grounds 1(C) and 1(D)); that the so-

---

[2] The Court notes that a review of Mr. Guerrero's testimony also reveals competent representation by Givens' trial counsel, who objected at several points to the government's ambiguous or improper questioning of the witness.

[3] To be clear, Givens' counsel did file and fully litigate a motion to suppress tangible evidence. *See, e.g.,* Mot. to Suppress, Feb. 9, 2001, ECF No. 121. Additionally, the Second Circuit recently ruled, in the

8

called alibi evidence would have had any impact on his trial (Ground 1(E)); or that the government had actually made a plea offer[4] that his counsel failed to share (Ground 1(F)). *See, e.g., Kimmelman v. Morrison*, 477 U.S. 365, 374–375 (1986) ("the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability his verdict would have been different); *Rupert v. Noeth*, No. 17-CV-6373L, 2020 WL 7414097, at *3 (W.D.N.Y. Dec. 18, 2020) (finding no ineffective assistance where "the handful of alleged errors asserted by petitioner are based on nothing but hindsight and speculation").

For the foregoing reasons, the Court finds Givens did not receive the ineffective assistance of counsel during pretrial proceedings.

Givens' Ineffective Assistance Claims for Counsel's Conduct at Trial

Givens presents approximately sixty instances that he believes to constitute the ineffective assistance of his counsel during his trial:

> Ground 2(A) through 2(A)23: [Defense counsel failed to object that t]he government's evidence adduced at trial violated movant's "Fifth Amendment Constitutional Rights" by impermissibly amending the indictment.
>
> Ground 2(A) 24 through 2(A)43[:] [Defense counsel failed to object that t]he government's evidence adduced at trial violated movant's "Fifth Amendment Constitutional Rights" by causing a fatal variance.

---

case of Givens' co-defendant, that the same eavesdropping authorization evidence "is based entirely on speculation." Mandate, *United States v. Blue*, 00-CR-6139-CJS-JWF-1, June 25, 2020, ECF No. 859.

[4] The only evidence Givens offers in this regard is a letter from the government to counsel providing details of pre-trial disclosures and stating, "If your client is interested in a formal plea offer, I will be happy to discuss with you the parameters of such an agreement . . . ." Ex. J, 8, Feb. 26, 2015, ECF No. 798-11. There is no suggestion in this letter that a plea offer had been made.

> Ground 2(B) through 2(B)10: Defense counsel failed to object to unconstitutionally seized and other inadmissible extraneous evidence.
>
> Ground 2(C): Defense counsel failed to request a hearing after Juror Bias was disclosed during trial.
>
> Ground 2(D): Defense counsel failed to request essential limiting instructions after replaying of a tape for the jury.
>
> Ground 2(E): Defense counsel failed to move to dismiss Count 2 of movant's superceding [sic] indictment as being Fatally Duplicitious [sic] despite the trial evidence warranting such objection.
>
> Ground 2(F): Defense counsel failed to object to the court's deficient jury charge.
>
> Ground 2(G): Defense counsel failed to request essential "Buyer/Seller Relationship Instructions".
>
> Ground 2(H): Defense counsel failed to object to the court's erroneous reasonable doubt jury charge.
>
> Ground 2(I): Defense counsel failed to object to movant's conspiracy convictions prohibited by "Wharton's Rule".

Pet., ECF No. 798 at 9.

The Court finds all of Givens' arguments with respect to the ineffective assistance of counsel at trial to be without merit because he fails to satisfy the second prong of the Strickland analysis: prejudice. To demonstrate prejudice, a petitioner must "show a 'reasonable probability' that absent counsel's error, the outcome of the proceeding would have been different." *Vadas v. U.S.*, 527 F.3d 16, 20 (2d Cir. 2007) (citation omitted). Givens has failed to do so.

At trial, the government introduced ample evidence to prove that Givens was involved in a conspiracy to distribute narcotics, and that he possessed a firearm in

10

furtherance of his drug trafficking. For instance, the government elicited the testimony of, among others, Marino Guerrero, who stated that he frequently sold cocaine to Givens and that Givens introduced him to Ricky Blue to facilitate additional drug transactions, and of James Ervin and Gordon Paige, both of whom testified that they saw Givens manufacture crack cocaine and that they had personal knowledge of Givens' coordination with Blue in the trafficking of cocaine. Witness Marino Guerrero's Testimony, 2003 WL 25687235 (W.D.N.Y.); Witness James Ervin's Testimony, 2003 WL 25687233 (W.D.N.Y.); Witness Gordon Paige's Testimony, 2003 WL 25687232 (W.D.N.Y.). The government also called several law enforcement officers familiar with the case and with Givens' role in the conspiracy, including Officers Anne, McKeeby, and Graham, each of whom testified to observing an unloaded .22 caliber rifle on the table in Givens' living room, which Givens admitted to owning. *See, e.g.*, Mot. (Ex. A), ECF No. 858 at 13–21 (excerpting from the transcripts of the officers' respective testimony).

Moreover, the Court notes that Givens' direct appeal was consolidated with several other of his co-defendants at trial, including Dexter Clayton, Ricky Blue, and Lee Blue. *United States v. Givens*, No. 03-1109, 2005 WL 1317015 (2d Cir. 2005) (Summary Order). Among other things, Givens argued on direct appeal[5] that the

---

[5] Givens also argued that "the government's exclusive reliance upon informant testimony and absence of any physical evidence attributable to the defendant when considered with these errors calls into question the legal insufficiency of the evidence to support defendant's conviction . . . ." Givens' brief for his direct appeal is available at 2004 WL 3558919.

11

trial court erred by "amassing 'cumulative' error sufficient to deprive him a fair trial." *Id.* at *1. In addition, Ricky Blue argued, among other things, that the trial court "erred by refusing to dismiss certain jurors for misconduct and/or irregularities." *Id.* The Second Circuit considered all of the defendants' arguments, found them to be without merit, and affirmed their convictions. *Id.* at *2.

Consequently, the Court finds Givens did not receive the ineffective assistance of counsel during his trial.[6]

Givens' Ineffective Assistance Claims for Counsel's Conduct at Sentencing

Givens' presents multiple instances that he believes to constitute the ineffective assistance of his counsel during his sentencing proceedings:

> Ground 3(A): Defense counsel failed to object to movant's sentence imposed under "Count 2" that was "Greater" than the maximum set for the crime of "Conspiracy" for which he was solely" [sic] convicted of.
>
> Ground 3(A)1: Defense counsel failed to object to movant's sentence imposed under "Count 2's Conspiracy Conviction" that "depended" upon the "Fatally Defective Substantive Count".
>
> Ground 3(A)2: Defense counsel failed to object to movant's sentence imposed under "Count 3's Indictment", that was "fatally defective and failed to state an offense". And that also depended upon a "Fatally defective substantive count".

---

[6] The Court notes that in addition to failing to show prejudice, it is doubtful whether Givens showed that trial counsel's performance was deficient. For example, a review of the trial court's "reasonable doubt" instruction (Ground 2(H)) reveals no error. *See Victor v. Nebraska,* 511 U.S. 1, 114 (1994) ("[T]he Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof. Rather, taken as a whole, the instructions must correctly convey the concept of reasonable doubt to the jury."). Additionally, "Wharton's Rule" (Ground 2(I)) is not relevant to the charges against Givens. *See Iannelli v. United States*, 420 U.S. 770, 782–83 (1975) ("The classic Wharton's Rule offenses—adultery, incest, bigamy, duelling—are crimes that are characterized by the general congruence of the agreement and the completed substantive offense. The parties to the agreement are the only persons who participate in commission of the substantive offense, and the immediate consequences of the crime rest on the parties themselves rather than on society at large.")

  Ground 3(A)3 through 3(A)3(F): Defense counsel failed to object to "Enhancement Elements" imposed upon the movant, that was never properly alleged in "Count 2's fatally defective indictment".

  Ground 3(A)4: Defense counsel failed to object to the court's "Impermissible Amendment" of Count 2 and 3's indictments, regarding its unlawful inclusion of such "Enhancement Elements", that were not charged in movant's indictments.

  Ground 3(A)5: Defense counsel failed to object to "Factual Inaccuracies" set forth in movant's "Pre-Sentence Report".

  Ground 3(A)6: Defense counsel failed to preserve a significant number of errors set forth above in (Grounds l(A) through Grouuds 3(A)5) regarding movant's "Direct Appeal".

Pet., ECF No. 798 at 10.

  After a thorough review of Givens' arguments and the relevant parts of the record, particularly the transcript from Givens' first sentencing, the Court finds that Givens has failed to demonstrate that his counsel's conduct was deficient. As noted above, the Court finds no merit in Givens' challenges to the sufficiency of the indictment. Moreover, the sentencing transcript records several pages of objections submitted by counsel in writing in advance of the hearing, each of which was specifically addressed by the Court in turn. Tr., esp. 3–8, July 22, 2005, ECF No. 651-2. Moreover, counsel was engaged at the hearing, and made a cogent argument that Givens' should be granted a lesser sentence to give him hope of release and one day contributing to society. Tr. at 15–16. Lastly, counsel – who also represented Givens on appeal – made a persuasive case to the Second Circuit outlining the grounds for vacating Givens' sentence. *See* Appellant's Brief, *United States v. Givens*, 2004 WL

13

3558919 (C.A.2), at *33 ("Point V. Defendant's sentence must be vacated because it was improperly enhanced based on facts that were not proven to the jury beyond a reasonable doubt.").

For the foregoing reasons, the Court finds Givens did not receive the ineffective assistance of counsel with regards to his sentencing.

<u>Givens' Claims of Ineffective Assistance of Appellate Counsel</u>

Givens' presents approximately ten examples of what he believes to constitute the ineffective assistance of appellate counsel:

> <u>Ground 4(A) through 4(A)4</u>: Defense counsel failed to raise "Preserved Meritorious Points" on appeal regarding the violations of movant's "Fifth Amendment Rights".
>
> <u>Ground 4(B)</u>: Defense counsel failed to raise "Preserved Confrontation Clause Claims" on appeal regarding the violations of movant's "Sixth Amendment Rights".
>
> <u>Ground 4(C) through 4(C)2</u>: Defense counsel failed to "Effectively and Diligently" raise "Preserved Mistrial Arguments" on appeal regarding the violations of movant's rights to a fair trial.
>
> <u>Ground 4(D) through 4(D)2</u>: Defense counsel failed to "Effectively and Diligently" argue the "Insufficiency of Evidence" regarding movant's convictions under Counts 2 and 3's indictments.

Pet., ECF No. 798 at 11.

A claim for ineffective assistance of appellate counsel is evaluated by the same standard as is a claim of ineffective assistance of trial counsel. *Muldrow v. Herbert,* 299 F. Supp.2d 166, 169 (W.D.N.Y. 2004). To demonstrate the ineffectiveness of appellate counsel, "it is not sufficient for the defendant to show merely that counsel

omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) (citation omitted). Rather, a petitioner may only establish constitutionally inadequate performance by showing that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker. *Id.*

In the present case, Givens' appellate counsel raised five important issues in a thorough and well-written appellate brief to the Second Circuit, including a *Batson* challenge to jury selection, raising allegations of prosecutorial misconduct, challenging the trial court's rulings on a multitude of issues throughout the course of the trial, and arguing that Givens' sentence should be vacated. Appellant's Brief, *United States v. Givens*, 2004 WL 3558919. These issues were of particular importance to Givens' case, because it was a long and contentious trial involving multiple witnesses who presented significant credibility issues. By contrast, as is evident from the discussion above regarding Givens' ineffectiveness of trial counsel arguments, the issues urged by Givens in this application are neither significant nor promising on appeal, and it was entirely reasonable for Givens' appellate counsel to omit them.

Because Givens has failed to demonstrate that his appellate counsel's performance was unreasonable, he cannot meet the first prong of the *Strickland* standard by which ineffective assistance claims are judged. Hence, the Court finds Givens did not receive the ineffective assistance of counsel from appellate counsel.

CONCLUSION

The Court finds that Givens' arguments in support of his application to vacate, set aside, or correct his sentence are without merit. Accordingly, it is hereby

ORDERED that Givens' motion to vacate pursuant to 28 U.S.C. § 2255 [ECF No. 798] is denied; and it is further

ORDERED that Givens' motion for miscellaneous relief [ECF No. 858] is denied as moot; and it is further

ORDERED that the Clerk of the Court close this case.

Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, since Givens has not made a substantial showing of the denial of a constitutional right. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   January 26, 2021
         Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge